James F. Halley, OSB 911757
JAMES F. HALLEY, P.C.
The Strowbridge Building
735 SW First Ave.
Portland, OR 97204
503/295-0301; 503/228-6551 (fax)
jimhalley@halleylaw.com

Attorney for Defendant Joshua Webb

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:20-mj-00169 |
| Plaintiff, | |
| vs. | REQUEST FOR DISCOVERY |
| JOSHUA WEBB, | |
| Defendant. | |

Defendant Joshua Webb respectfully requests the following documents and things pursuant to FRCrP 16 and the Fifth and Sixth Amendments to the United States Constitution.

1.  All state or federal reports relating the circumstances of any arrest or search involving the defendant or his property, each codefendant and his property, or any other search related to this case, listing the items seized and the information obtained as a result of these searches.  F.R.Crim.P. 16(a)(1)(E).  This request includes, but is not limited to, all reports, video recordings, audio recordings, and statements about Mr. Webb's arrest and related events that give rise to the charges.

2.  The substance of all oral statements of the defendant and any codefendant to any government agent.  F.R.Crim.P. 16(a)(1)(A); *United States v. Bailleux*, 685 F.2d

1105, 1114 (9th Cir. 1982) ("government should disclose any statement made by the defendant") (emphasis added).

3.  All written or recorded statements of the defendant and any codefendant (including  but not limited to grand jury, depositions, etc.)  *See* F.R.Crim.P. 16 (a)(1)(B); *United States v. Alex*, 788 F. Supp. 1013, 1016 (N.D. Ill. 1992) (where government "offered no compelling explanation" for non-disclosure of statements of codefendant, court exercises discretion to order disclosure).

4.  Any agent's underlying rough notes of the statements requested in item 3 above. *See United States. v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (rough notes of interviews, especially with the accused are discoverable and must be preserved); *United States v. Layton*, 564 F. Supp. 1391, 1395 (D. Or. 1983) (court exercises discretion to order disclosure of notes of interview with defendant under F.R.Crim.P. 16). This request includes all entries in officers' field notebooks or their equivalent.

5.  A copy of the defendant's and codefendants' record of prior convictions and the FBI rap sheet. F.R.Crim.P. 16 (a)(1)(B); *see United States v. Audelo-Sanchez*, 923 F.2d 129,_ (9th Cir. 1991). Both national and local criminal records should be searched.  *See United States v. Perdomo*, 929 F.2d 967 (3rd Cir. 1991).

6.  All books, papers, documents, tangible objects, photographs, buildings or places which are material to the preparation of the defense.  F.R.Crim.P. 16 (a)(1)(E).

7.  All items in request 6 above which belong to the defendant. F.R.Crim.P. 16 (a)(1)(E).

8.  All items in request 6 above which were obtained from the defendant. F.R.Crim.P. 16 (a)(1)(E).

9.  All items in request 6 above which are intended for use by the government as evidence in its case in chief. F.R.Crim.P. 16 (a)(1)(E).

10.  Any and all results or reports of physical or mental examinations and of scientific tests or experiments, including but not limited to, chemical analysis, fingerprints, voice prints, and handwriting. F.R.Crim.P. 16 (a)(1)(F).

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. ● 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551

11.  A written summary of all expert-witness testimony you intend to offer in your case-in-chief, whether or not the expert has prepared a written report, describing "the witness's opinions, the bases and reasons therefor, and the witnesses" qualifications." F.R.Crim.P. 16(a)(1)(G); *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983) ("fairness requires that adequate notice be given to the defense to check conclusions and findings of experts"); *United States v. Eduardo-Franco*, 885 F.2d 1002, 1009 (2d Cir. 1989) (defendants could not hire their own expert "until they were informed of the adverse report of the government expert").

12.  A description of any prior conviction or prior "similar act" you will seek to introduce at trial. F.R.Ev. 404(b); *United States  v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979 (en banc) ("trial by ambush" is counterproductive and "advance planning" for ruling on motion in limine ... helps both parties and the court), *cert. denied*, 444 U.S. 1034; *United States v. Foskey*, 636 F.2d 517, 526 n. 8 (D.C. Cir. 1980) (government should give defense adequate notice of 404(b) evidence).

13.  The personnel files of each law enforcement agent who will testify in the case.  The government should be ordered to examine such files for evidence of any allegations that any officer has made a false statement or has a reputation for dishonesty.  *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993) (error not to disclose magistrate's characterization of agent's testimony as "absolutely incredible" which was in personnel file); *see United States v. Kiszewski*, 877 F.2d 210, 216 (2nd Cir. 1989) (court must conduct in camera review of agent's personnel file to determine if impeachment matter [allegations that agent accepted bribes] should be disclosed).

14.  Reports and records relating to any eavesdropping, wiretapping, electronic recording of an kind relating to this case. *See* 18 U.S.C. Sec. 2511 <u>et</u>. <u>seq</u>.

15.  All notes or other writings or documents used by a prospective government witness before the grand jury.  *United States v. Wallace*, 848 F.2d 1464, 1470 (9th Cir. 1988).

PAGE 3 – REQUEST FOR DISCOVERY
c:\users\jhalley\documents\6 - forms\crimform\discovery request.docx  8/12/2020

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. ● 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551

16.  The names and addresses of all percipient witnesses interviewed by the government whom the government does not intend to call at the trial.  *United States v. Cadet*, 727 F.2d 1453, 1469 (9th 1984).   *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (habeas relief granted where murder defendant showed that state withheld favorable eyewitness information and other evidence).

17.  The arrest and conviction record of each  prospective government witness. *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed even if contained in witness's probation file), *cert. denied*, 109 S.Ct. 1170 (1989); *Perkins v. Lefevre*, 691 F.2d 616 (2nd Cir. 1982); *United States v. Auten*, 632 F.2d 478, 481-82 (5th Cir. 1980).  The government is required to search both national and local criminal record files.  *See United States v. Perdomo*, 929 F.2d 967 (3rd Cir. 1991).

18.  Any evidence that a criminal case has recently been dismissed against any prospective government witness.  *See United States v. Anderson*, 881 F.2d 1128, 1138-39 (D.C. Cir. 1989).

19.  Reports, records, or memoranda of federal or state agencies which describe, refer to, or otherwise comment upon their relationship with any informant involved in this case.

20.  Any evidence that any other prospective government witness has any criminal charge pending against him. *United States v. Fried*, 486 F.2d 201 (2nd Cir. 1973), *cert. den.* 416 U.S. 983 (1975); *United States v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (pending indictment relevant to bias and motive of witness).

21.  Any evidence that any prospective government witness is under investigation by federal or state authorities. *United States v. Chitty*, 760 F.2d 425, 428 (2nd Cir.), *cert. den.*, 474 U.S. 945 (1985).

22.  Any evidence of express or implicit understandings, offers of immunity, special treatment while in custody, or of past, present, or future compensation between

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. • 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551

the government or any of its agents and any prospective government witness or his agent.  *See Giglio v. United States*, 405 U.S. 150 (1972) (agreement not to prosecute); *United States v. Schaffer*, 789 F.2d 682, 689 (9th Cir. 1986) (failure to disclose impeaching evidence regarding moneys paid to a prosecution witness for ongoing undercover cooperation in another case violated *Brady's* due process duty to disclose); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor's "assurances" of future benefits); *Benn v. Lambert*, 283 F.3d 1040 (9th Cir. 2002) (*Brady* violation for failure to disclose impeaching evidence resulted in grant of habeas relief); *United States v. Risken*, 788 F.2d 1361, 1375 (8th Cir. 1986) (the government "should have disclosed the implied understanding that existed between [its witness] and the FBI about the possibility of a post trial payment", but failure to disclose not sufficiently material to require reversal); *United States v. Eduardo-Franco*, 885 F.2d 1002, 1010 (2nd Cir. 1989) (earnings of expert in past cases highly relevant to the question of potential bias and interest); *United States v. Partin*, 493 F.2d 750, 759 (5th Cir 1974) (error not to allow defense to show full amount paid in the form of protective custody status, per diem and special privileges); *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986) (accomplice witness's false testimony that no promise of immunity had been made required habeas relief); *United States v. Burnside*, 824 F. Supp. 1215 (N.D. Ill. 1993) (reversible error not to disclose favors to cooperating witnesses including use of illegal drugs, regular unsupervised access to female visitors which facilitated sex and drugs in U.S. Attorney's office, and gifts of money, beer, cigarettes, etc.).

23.  Any evidence that any prospective witness has applied to, or requested from, the government any consideration or benefit including but not limited to any plea bargain, dismissal of any charge, sentence reduction or early parole, whether or not the government agreed to such a request. *Reutter v. Solem*, 888 F.2d 578, 581 (8th Cir. 1989); *Brown v. Dugger*, 831 F.2d 1547, 1558 (11th Cir. 1986).

24.  Any evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness.

PAGE 5 – REQUEST FOR DISCOVERY
c:\users\jhalley\documents\6 - forms\crimform\discovery request.docx  8/12/2020

*United States v. Kojayan*, 8 F.3d 1315 (9th Cir. 1993) (conviction reversed and case remanded to consider dismissal as sanction for government's failure to disclose deal between witness and government, which witness government chose not to call at trial); *Haber v. Wainwright*, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government "advice" to witness must be disclosed); *Campbell v. Reid*, 594 F.2d 4, 7 (4th Cir. 1979) (prosecutor's statement to the witness that he "would do the right thing" must be dis-closed to the defense even if the witness is unaware of its exact meaning); *Dubose v. Lefevre*, 619 F.2d 973, 978-79 (2nd Cir. 1980) (same).

25.  The full scope of any witness' past cooperation with the government in-cluding but not limited to all monies, benefits and promises received in exchange for cooperation, the full extent of the witness' assets, and the status of the witness' present and past income tax liability. *United States v. Shafer*, 789 F.2d 682, 688-89 and n. 7 (9th Cir. 1988); *United States v. Eduardo-Franco*, 885 F.2d 1002, 1010 (2nd Cir. 1989) (evidence of past services highly relevant to bias and interest).

26.  All statements of any prospective witness relevant to his testimony or relevant to impeachment or bias. *See United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1992) (informant's recantation of earlier statement to D.E.A. had to be disclosed as Jencks Act as it bore on credibility); *United States v. Tincher*, 907 F.2d 600 (6th Cir. 1990) (reversible error for prosecutor to withhold grand jury testimony of witness that contradicted his trial testimony).

27.  Any evidence that any prospective witness has made an inconsistent state-ment to the government or any of its agents with respect to his or her proposed testimony. *See United States v. Isgro*, 974 F.2d 1091 (9th Cir. 1992) (gross misconduct where prosecutor failed to disclose prior grand jury testimony of witness which was inconsistent with his trial testimony); *McDowell v. Dixon*, 858 F.2d 945, 949 (4th Cir. 1988), *cert. denied*, 109 S.Ct. 1172 (1989) (reversible error to withhold victim's prior inconsistent statement to police about description of attacker); *Lindsey v. King*, 769 F.2d 1034, 1041-43 (5th Cir. 1985) (reversible error to withhold eyewitness' original

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. ● 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551

statement to police that he could not identify assailant); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statements of witness must be disclosed); *Powell v. Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (same).

28.  Any evidence that any prospective government witness has made a statement inconsistent with or contradictory to any statement by any other person whether or not a prospective witness. *See United States v. Minsky*, 963 F.2d 870, 874-77 (6th Cir. 1992) (witness's statement to FBI contradicted by third party); *Hudson v. Blackburn*, 601 F.2d 785, 789 (5th Cir. 1979) (statement of police officer refuting witness' statement that he identified defendant at lineup); *United States v. Hibler*, 463 F.2d 455, 460 (9th Cir. 1972) (statement of police officer casting doubt on story of witness); *Hudson v. Whitley*, 979 F.2d 1058  (5th Cir. 1992) (statement of witness identifying another person as killer); *United States v. Galvis-Valderamma*,  (D.N.J. 1994), (new trial granted where statements made by arresting officer to FBI agent that bag of heroin found in car not in plain view should have been disclosed).

29.  Any evidence that a witness has engaged in crimes even though he has not been convicted of those crimes. *See United States v. Osorio*, 929 F.2d 753 (1st Cir. 1991) (prosecutor "using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment information requested regarding the witness");  *Powell v. Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (admission of witness to prosecutor that he engaged in several crimes should have been disclosed); *United States v. Boffa*, 513 F. Supp. 444 (D.C. Del. 1980) (prior bad acts of witness discoverable); *United States v. Burnside*, 824 F. Supp. 1215 (N.D. Ill. 1993) (reversible error not to disclose ongoing illegal drug use by cooperating witnesses).

30.  Any evidence that any prospective government witness has ever made any false statement to law enforcement authorities. *United States v. Bernal-Obeso*, 989 F.2d 331, 337 (9th 1993) (informant's lie to DEA about his criminal record); *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1992) (D.E.A. agent's opinion of informant credibility); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (probation file

PAGE 7 – REQUEST FOR DISCOVERY

c:\users\jhalley\documents\6 - forms\crimform\discovery request.docx  8/12/2020

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. ● 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551

listing instances of the witness lying to authorities); *United States v. Minsky*, 963 F.2d 870, 875 (6th Cir. 1992) (error not to disclose witness's false statements to FBI).

32. Any evidence that any witness has a tendency to lie or exaggerate his testimony. *Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1992) (D.E.A. agent's negative view of informant's credibility); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (must disclose probation file of witness showing tendency to lie or over-compensate).

32. Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing or participating in the events that gave rise to his testimony or any time prior to testifying in court. *See United States v. Butler*, 481 F.2d 531, 534-535 (D.C. Cir. 1973) (drug use impairs memory judgment and credibility); *United States v. Burnside*, 824 F. Supp. 1215 (N.D. Ill. 1993) (reversible error to fail to disclose witnesses drug use because "illegal drug use by the cooperating witness was relevant to the witnesses' abilities to recollect and relate events...and clear inducements from which a fact-finder could infer witnesses wanted to stay on government prosecutor's good side").

33. Any medical, psychological or psychiatric evidence tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired. *See United States v. Lindstrom*, 698 F.2d 1154, 1163-68 (11th Cir. 1983) (psychiatric records relevant to credibility); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980) (psychiatric records reflecting on the competency or credibility of witness); *Butler, supra*, 481 F.2d at 534-535 (drug use); *United States v. McFarland*, 371 F.2d 701, 705 (2nd Cir.) (prior hospitalizations of witness for mental illness), *cert. denied*, 387 U.S. 906 (1966). *Powell v. Wiman*, 287 F.2d 275, 279 (5th Cir. 1961) (same).

34. Any evidence that a prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his testimony. *See United States v. Strifler*, at 1202 (motive to inform discoverable).

PAGE 8 – REQUEST FOR DISCOVERY
c:\users\jhalley\documents\6 - forms\crimform\discovery request.docx  8/12/2020

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. ● 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551

35.  Any impeaching or bad character evidence relating to any informant. *United States v. Becerra*, 992 F.2d 960 (9th Cir. 1993).

36.  Any evidence that a prospective government witness has taken a polygraph examination, and the result thereof.  *Carter v. Rafferty*, 826 F.2d 1299, 1305 (3rd Cir. 1987), *cert. denied*, 484 U.S. 1011 (1988); *United States v. Lynn*, 856 F.2d 430, 432-33 (1st Cir. 1988).

37.  Any evidence that someone other than the defendant committed, or was ever suspected of committing, the crime charged.  *Brady v. Maryland*, 373 U.S. 83 (1963) (statement of accomplice that he, not defendant, did actual shooting); *Hudson v. Whitley*, 979 F.2d 1058 (5th Cir. 1992) (for 25 years state suppressed evidence that crucial witness identified photograph of person other than defendant, which person was arrested but released); *Miller v. Angliker*, 848 F.2d 1312, 1321-23 (2nd Cir. 1988) (reversible error not to disclose evidence suggesting that person other than defendant committed murders), cert., denied, 109 S.Ct. 224 (1988); *Bowen v. Maynard*, 799 F.2d 593, 613 (10th Cir.) (reversible error not to disclose existence of suspect who resembled defendant), *cert. denied*, 107 S.Ct. 458 (1986); *Walker v. Lockhart*, 763 F.2d 942 (8th Cir. 1985) (*en banc*) (due process violated when police suppressed statement by prisoner arguably admitting that he committed the shooting for which the defendant was convicted), *cert. denied*, 106 S.Ct. 3332 (1986); *Sellers v. Estelle*, 651 F.2d 1074, 1076-77 (5th Cir. 1981) (failure to disclose police reports suggesting guilt of another reversible error); *James v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978) (error not to disclose statement of witness not mentioning defendant).

38.  Any evidence that the government or any of its agents has ever viewed a prospective government witness as not truthful. *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1992).

39.  The name of any person, whether or not he will be a witness, who could not identify the defendant or was unsure of his identity or his participation in the crime charged, and the content of any such statement. *See James v. Jago*, 575 F.2d 1164,

PAGE 9 – REQUEST FOR DISCOVERY
c:\users\jhalley\documents\6 - forms\crimform\discovery request.docx  8/12/2020

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. • 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551

1168 (6th Cir. 1978) (statement of eyewitness to crime which did not mention defendant must be disclosed); *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968) (prosecution must disclose statement of witness casting doubt on defendant's identity); *United States v. Wilkins*, 326 F.2d 135 (2nd Cir. 1964) (reversible error to fail to disclose names of two witnesses who said that the defendant was not the bank robber after viewing him at police station).

40.  Any physical evidence tending to exculpate the defendant in whole or in part or tending to mitigate punishment. *See Miller v. Pate*, 386 U.S. 1 (1967) (evidence that clothing was covered with paint, not blood); *United States v. Spagnoul*, 960 F.2d 990 (11th Cir. 1992) (psychiatric report raising question as to defendant's sanity and competence); *Walker v. Lockhart*, 763 F.2d 942 (8th Cir. 1985) (en banc) (transcript of prisoner conversation in which he arguably admitted crime for which defendant on trial), *cert. denied* 106 S.Ct. 3332 (1986); *United States v. Poole*, 379 F.2d 648 (7th Cir. 1967) (medical exam showing no evidence of sexual assault);  *Barbee v. Warden*, *Maryland Penitentiary*, 331 F.2d 842 (4th Cir. 1964) (ballistics report showing gun in evidence was not the assault weapon); *Ashley v. Texas*, 319 F.2d 80 (psychologist's report that defendant was incompetent to stand trial); *United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989) (sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to the defendant).

41.  Any evidence mitigating the punishment of the defendant whether or not the sentence is pursuant to the guidelines. *Brady v. Maryland*, 373 U.S. 83 (1963) (accomplice statement that he, not defendant was actual shooter mitigates punishment of defendant); *Blazak v. Ricketts*,  __ F.2d __ (9th Cir. August 2, 1993) (due process violated where prosecution suppressed psychiatric reports questioning defendant's competence to stand trial); *United States v. Spagnoulo*, 960 F.2d 990 (11th Cir. 1992) (psychiatric report raising question as to defendant's sanity and competence); *United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989) (sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. ● 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551

drugs attributable to defendant); *Lewis v. Lane*, 832 F.2d 1446 (7th Cir. 1987) (evidence that defendant did not have valid prior conviction which made him death eligible).

42.   The commencement and termination date of the grand jury that indicted the defendant. *In Re Grand Jury*, 903 F.2d 180 (3d Cir. 1990).

43.   The number (not names) of grand jurors attending each session of the grand jury and the number of grand jurors (not names) voting to indict. *See United States v. Leverage Funding Systems, Inc.,* 637 F.2d 245 (9th Cir. 1980) (prerequisites to valid indictment are that "every grand jury session was attended by at least 16 jurors" and that "at least 12 jurors voted to indict."); *United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973) (ministerial matters like court's legal instructions to grand jury must be disclosed).

44.   The name of every prospective government witness to be called at trial. *See Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982) (court has inherent authority to order discovery of names of witnesses); *United States v. Armstrong*, 621 F.2d 951, 955 (9th Cir. 1980) (same);  *United States v. Tucker,* 716 F.2d 576, 583 (9th Cir. 1983); (ineffective assistance of counsel to fail to interview government witnesses before trial); *Callahan v. United States*, 371 F.2d 658, 660 (9th Cir. 1967) ("both sides have right to interview witnesses before trial").

45.   Any and all jail communications intercepts involving the Defendant or others linked to the Defendant's prosecution or investigation. All logs and notes related to jail intercepts, times and dates and persons involved with monitoring or reviews of jail intercept materials and delineation of any jail intercept materials now or in the future identified or sequestered for possible use at trial.

46.   Emails (prosecutor to police, police to prosecutor, state witnesses to police or prosecutor and police or prosecutor to witness, lay and expert).

47.   Text messages and instant messages.

48.   Messages between officers or officer to station.

49.   Two-way dispatch messages.

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. ● 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551

50.  911 calls.

51.  Audiotapes and videotapes (including those captured via body cameras or cellphone cameras).

52.  Records stored, sent, or received via Dropbox or similar cloud computing or FTP (file transfer protocol) websites.

53.  All electronic devices including but not limited to computers, laptops, iPads, cellular phones and smartphones that may contain discoverable material.

54.  All social media accounts that may bear upon the prosecution including but not limited to Facebook, Google, AOL, Yahoo, Twitter, Instagram, Snapchat, and any online cloud backups that may contain information related to the prosecution.

55.  All handwritten notes of law enforcement officers to be reviewed in camera for *Brady* material.

56.  All handwritten or memorialized notes of the prosecutor concerning witness interviews of law enforcement officers, experts, and lay witnesses involved in the prosecution (in camera).  Such notes are intended to include, but are not limited to, investigations and trial preparation of witnesses.

57.  All medical records including psychiatric and clinical reports that may have relevance to the prosecution or to any valid defense, including those covered by HIPPA (in camera).

58.  All electronic devices, including cellphones and computers, belonging to witnesses listed by the government that may contain *Brady* material.

59.  The name and address of any witness known to the prosecution who has given a statement to the prosecution or law enforcement that is contrary to the prosecution's theory of the case, including pre-interviews and post-interviews conducted during polygraph testing.

60.  Any favorable treatment of any kind given or offered to any government witness in return for cooperation as well as any favorable treatment, money, or anything of value requested by a state witness in return for cooperation.

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. • 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551

61.  Any social media postings made by the alleged victim relevant to the case, including those that were taken down but can be retrieved by the government.

62.  All contents of investigative and professional files relative to the prosecution, including notes, memorandum, and reports.  This also applies to the notes of any witness coordinator.

The defendants also request that the government confer with its agents to ensure that these agents are aware of their responsibilities to comply with discovery requests. *United States v. Osorio*, 929 F.2d 753 (1st Cir. 1991) ("the prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government"); *United States v. Bryan*, 868 F.2d 1032, 1036-37 (9th Cir. 1989) (prosecutor deemed to have knowledge of, and access to, anything in possession, custody or control of any federal agency participating in same investigation even if outside district of prosecution); *Demjanjuk v. Petrovsky*, 10 F.3d 338, 353 (6th Cir. 1993) (in not disclosing exculpatory evidence, government perpetrated fraud on the court by taking attitude that "the right hand did not know what the left hand was doing"); *United States v. Perdomo*, 929 F.2d 967, 969-971 (3rd Cir. 1991) (U.S. attorney responsible for locating criminal record in local jurisdiction as well as NCIC records); *United States v. Endicott*, 869 F.2d 452 455-56 (9th Cir. 1989) (knowledge of additional payments to witness imputed to prosecutor); *United States v. Butler*, 567 F.2d 885, 891 (9th Cir. 1978) (prosecutor responsible for promise by agent even if prosecutor did not know of it); *United States v. Bailleaux*, 685 F.2d 1105, 1113 (9th Cir. 1982) (tape in custody of F.B.I. is deemed in custody of U.S. Attorney); *United States v. Brooks*, 996 F.3d 1500 (D.C. Cir. 1992) (prosecutor must search police files for information affecting credibility of police officer who was key witness and who, after first trial, was found shot in her apartment with revolver in presence of another police officer); *United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980) (information in files of federal agency is deemed in possession of prosecutor); *United States v. Jackson*, 780 F.2d 1305, 1308 n. 2 (6th Cir.

PAGE 13 – REQUEST FOR DISCOVERY

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. ● 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551

1986) (FBI's knowledge attributable to prosecutor); *Martinez v. Wainwright*, 621 F.2d 184, 186 (5th Cir. 1980) (rap sheet in medical examiner's file is deemed in custody of prosecution); *Barbee v. Warden*, 331 F.2d 842, 846 (4th Cir. 1964) (exculpatory ballistics report known only to police deemed in possession of prosecutor); *United States v. McCord*, 509 F.2d 334, 342 n.14 (D.C. Cir. 1974) (*en banc*) ("prosecutor" includes "all agencies of the federal government involved in any way" in the case).

The defendant also requests that the government make continuing disclosure of the discovery requested. *See Mooney v. Holohan*, 294 U.S. 103, 108 (1935) (prosecutor must disclose that witness had committed perjury even when he first learns this at trial); *United States v. Chestang*, 849 F.2d 528, 532 (11th Cir. 1988) (continuing duty to disclose breached when prosecutor did  not  disclose fact that witness would soon accept immunity offer).

The Ninth Circuit does not hesitate to "condemn" any prosecutorial breach of trust respecting its duty to disclose arguably favorable evidence. *United States v. McLintock*, 748 F.2d 1278, 1285 (9th Cir. 1984).  Any doubt about the need to disclose such evidence must be resolved "in favor of disclosure." *United States v. Ramirez*, 608 F.2d 1261, 1265 n.6 (9th Cir. 1979).  Should the government have a good faith doubt whether evidence should be disclosed, you are required to ask the court for  in camera review. *See United States v. Bailleaux*, 685 F.2d 1105, 1114-15 (9th Cir. 1982) (F.R.Crim.P. 16 discovery); *United States v. Scafe*, 822 F.2d 928, 936 (10th Cir. 1987) (good faith belief that defendant's statements not discoverable does not excuse failure to disclose); *United States v. Lehman*, 756 F.2d 725, 729 (9th Cir. 1985) (prosecution must either disclose the material or submit it to the court); *United States v. Cadet*, 727 F.2d 1453, 1470 (9th Cir. 1984).

Respectfully submitted        August 12, 2020

JAMES F. HALLEY, P.C.
/s James F. Halley
James F. Halley, OSB #911757
Attorney for Joshua Webb

PAGE 14 – REQUEST FOR DISCOVERY
c:\users\jhalley\documents\6 - forms\crimform\discovery request.docx  8/12/2020

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. • 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551